# COUNTY OF SOMERSET.

SAMUEL J. LOVETT & al. versus MOSES H. PIKE.
FRANCES HOWE & al. versus SAME.

A deputy sheriff having attached goods upon a writ, and sold them on the execution issued upon the judgment recovered in the suit, indorsing his doings thereon in his handwriting, but having deceased without affixing his signature thereto, *it would seem* that the sheriff might complete the return of his deputy, and that if so done, it would be valid.

Evidence may properly be received in such case in an action against a sheriff for not doing his duty in the premises, as to the disposition of the property attached, as well as in regard to the loss or injury suffered by any partial non-compliance with the law; and such evidence would not contradict the return, for no return was completed.

If a deputy sheriff purchase a portion of the goods attached by him, and sold at auction, the purchase is a conversion, for which an action of trover will lie; but the amount paid therefor, if allowed on the execution, may be shown in reduction of damages. If the sale was for a fair price, and the proceeds accounted for to the creditor, he has no just cause of complaint.

So, also, if the goods are sold by the deputy at private sale at a fair price; especially if the goods would otherwise have been lost by becoming valueless.

The officer must account for the value of goods sold by him not in accordance with law; and for those sold according to law, he is liable for the amount of the sales, with interest from the time of sale, deducting the expense of keeping and selling the same.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

These were actions brought by attaching creditors against the sheriff of the county for his own default and that of his deputy, in not making a proper disposition of goods attached by the deputy.

The actions were defaulted and presented together for hearing in damages.

The attachment in the action *Howe & al.* v. *Foster*, was subject to that in *Lovett & al.* v. *same.*

The other facts will be found in the opinion of the Court.

*Hutchinson*, for defendant.

The execution was seasonably delivered to the deputy, who

Lovett *v.* Pike. — Howe *v.* same.

advertised and sold the property attached at public sale, in all things conforming to law and his duty in advertising and making the sale, as appears by the evidence in the case and the return indorsed on the execution in the handwriting of the officer. The defendant should, therefore, be held liable only for the amount realized by him, deducting expenses, the balance being $433,48.

In the case of *Howe & al.*, the plaintiff is entitled to nothing, the amount received by the defendant having been absorbed in the first case, and the second attachment being subject to the first.

In this case, the Court should strike off the default, and the defendant should be allowed his costs.

*J. S. Abbott*, for plaintiff.

There was no valuation of the property attached, in the return on the writ; no schedule in any way alluded to; no indication that any schedule was ever annexed to the writ or accompanied it. The officer was ordered to attach to the amount of $650, in the action *Lovett & al.*, and judgment was recovered for $469,10.

The execution was never returned to the clerk's office.

The plaintiffs claim the amount of judgment recovered, with interest from the date of the sale.

The presumption is, that the officer did his duty, and attached to the amount he was ordered to attach. He is not at liberty to show, in this case, that the property attached was worthless, or of less value than the amount he was directed to attach. *Haynes* v. *Small*, 22 Maine, 14; *Childs* v. *Ham*, 23 Maine, 74.

At any rate, the plaintiff will be entitled to recover the amount of the judgment claimed, unless it clearly appear from legal evidence that the property attached was insufficient to pay the judgments.

The evidence regarding the alleged sales is legally inadmissible.

These sales, several of them, were made without authority. As to the rest, an attempt is made to substitute oral testi-

mony for the return of the officer. The plaintiffs are entitled to the official return. No satisfactory reason has been given why the executions, with proper and full returns, were not returned to the clerk's office as soon as August 7, 1849, as required by law. The deputy did not die till May, 1850.

But, if it had appeared that Hall died before the return day, and suddenly, oral proof of his doings would not be admissible. The plaintiff would still be entitled to an official return. *After the decease of the deputy, such return of his doings might be made by the sheriff. Ingersoll* v. *Sawyer,* 2 Pick. 276.

APPLETON, J. — The present plaintiff, on Nov. 27, 1848, sued out a writ of attachment against Leonard Foster, and placed the same in the hands of Andrew Hall, a deputy of the defendant, who on the same day returned, that he had attached "all the goods, wares and merchandize, owned by him, (Foster,) in the store now occupied by him in Brighton, also attached the shovel handle blocks stored under the above-said store together with those stored in said Taylor's barn." No schedule or appraisal of the goods then attached was made till a year afterwards. At the May term, 1849, of the District Court, the plaintiffs recovered judgment in their suit against Foster, and seasonably placed the execution issued thereon in the hands of said Hall, who advertised and sold the goods attached at public vendue, conforming to the law in advertising and making sale thereof, and indorsed his doings upon the back of the execution in his handwriting, but deceased without affixing his signature thereto.

The goods attached sold at less than their appraised value. The plaintiffs claim that the defendant should be held liable for their appraised value without any deduction.

It was held, in *Ingersoll* v. *Sawyer,* 2 Pick. 276, where a deputy sheriff had sold on execution an equity of redemption and given a deed to the purchaser and died before the return day, without having entered his doings thereon, that the sheriff might lawfully make a return of his deputy's doings,

and that the purchaser of the equity had a valid title, notwithstanding the return was made after the return day. It would seem, in accordance with the case to which reference has been had, that the defendant might have completed the return of his deputy, and that, if done, it would have been valid.

For some reason, the defendant declined acting in this matter, and the inquiry now arises, whether he may show by parol the proceeds and expenses of the sale made by his deceased deputy, and if shown, whether in case there was not want of good faith in his proceedings, the plaintiffs would not be limited by the amount thus proved.

The value, and proper disposition of the property attached, as well as the loss or injury suffered by any partial non-compliance with the law, are all matters in dispute, and as to which evidence may properly be received on either side. As the deputy failed to sign his return, the evidence cannot be regarded as contradicting it, for there was none completed.

It seems that the deputy purchased a portion of the goods sold at auction. Such a purchase is undoubtedly a conversion, for which trover will lie, though the amount paid therefor, if allowed on the execution, may be shown in reduction of damages. *Perkins* v. *Thompson*, 3 N. H. 144. But if the sale was for a fair price, and the proceeds are allowed the creditor, he has no just cause of complaint.

It appears that some articles were sold at private sale and before judgment was rendered. If this had not been done, they would have become valueless. For all such sales the defendant is ready to account. They were sold at fair prices, and no reason is perceived why the defendant should account for more than he has received. By making the sale, the plaintiffs receive the full value of what by lapse of time would otherwise have become a total loss; and instead of receiving an injury, have been benefited by the very sales of which they now complain.

From the whole evidence, it satisfactorily appears that the goods attached were mostly sold in accordance with the pro-

visions of law, and at a fair price, and for the benefit of all concerned. In those instances, when they were not so sold, the defendant is ready to account for their value.

The defendant should be held liable for the sales of the goods as proved to have been made. From this sum should be deducted the expenses of keeping and selling the same, and judgment should be rendered for this sum, and interest thereon from the date of the sale.

*Defendant defaulted for* $433,48, *and interest.*

TENNEY, C. J., and RICE, CUTTING, and MAY, J. J., concurred.

APPLETON, J.—As the attachment in the action *Howe & al.* v. *Foster* was subject to that in *Lovett & al.* v. *Foster*, and as the goods attached did not sell for enough, after deducting the necessary expenses, to satisfy the first attachment, the plaintiff can only recover nominal damages.

As the defendant, at a preceding term, with a full knowledge of all the facts, voluntarily submitted to a default, no sufficient reason is perceived for disturbing the present posture of the case.          *Default to stand.* —

*Judgment for one cent damages.*

TENNEY, C. J., and RICE, CUTTING, and MAY, J. J., concurred.